# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LON COHEN,**

                **Plaintiff,**

**-vs-**                                                              Case No. 6:09-cv-496-Orl-31DAB

**GOODYEAR TIRE & RUBBER COMPANY,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 31)**
>
> **FILED:** October 6, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

The matter is before this Court on referral from the District Judge with directions to review the Settlement Agreement in this Fair Labor Standards Act case (Doc. No. 32). On March 19, 2009, Plaintiff filed his action, which settled less than six months later (Doc. No. 23). As the parties have filed the settlement terms and additional filings, as requested by the Court (Doc. Nos. 31, 33-34), the record is complete and the Court sees no need for a fairness hearing. For the reasons set forth herein, it is **respectfully recommended** that the motion be **denied.**

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id*. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

All relevant terms of the settlement are undisputed here and set forth clearly in the motion papers. According to the Interrogatories, Plaintiff contended that he was owed for 20 hours of overtime per week for 17 weeks, and was owed either $2,238.30 (unliquidated) or $10,064.00 (unliquidated), depending on whether he was found to be entitled to half time or time and a half

compensation (Doc. No. 18-2). He claimed to be owed an additional amount equal to the unliquidated amount, for a total of either $4,476.80 or $20,128.00 in damages (including liquidated damages). *Id.*

According to the settlement agreement, however, Plaintiff is to receive significantly less than his claim. Specifically, the agreement provides that he will receive $1,545.82 as wages, less applicable withholding, and $1,545.82 as liquidated damages, for a total recovery to Plaintiff of $3,091.64. Plaintiff's attorney is to receive a check in the amount of $2,908.36. The basis of the compromise is alleged to be the purported applicability of exemptions which would bar the claim entirely, and uncertainty regarding the number of hours worked and compensation paid. While the Court finds the total amount of the settlement ($6,000.00) to be reasonable, it finds the proposed allocation to be objectionable, and thus cannot recommend approval of same as fair on this record.

As noted by the District Court, the motion and the proposed settlement do not reflect that the amount to be paid to Plaintiff's counsel was determined independently from the amount paid to Plaintiff. Thus, the reasonableness of the settlement cannot be approved on its face but must be carefully scrutinized using the lodestar approach. *See Bonetti v. Embarq Mgmt. Co.*, Case No. 06:07-CV-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009) (providing for expedited FLSA settlement approval). In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). As the mandatory

language of the Act says "in addition to any judgment," a prevailing plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the recovery. Here, there is no judgment, as the parties have asked that the Court approve the settlement and dismiss the complaint. Nonetheless, the Court reviews the amount sought, to the extent it impacts the amounts Plaintiff ultimately receives in settlement.

The FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that "no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions." *Silva v. Miller*, Case No. 08-12011, 2009 WL 73164, *2 (11th Cir. Jan. 13, 2009) (unpublished) (holding that the district court had a duty to review a compromise of a FLSA claim and award a reasonable attorney's fee which was a reduction of a fee agreed to in contingency contact) (*citing Lynn's Food Stores*, 679 F.2d at 1352; *Zegers v. Countrywide Mortg. Ventures, LLC,* 569 F.Supp. 2d 1259 (M.D. Fla. 2008)).

As is clear, Plaintiff is to receive nowhere near the overtime (time and a half) amount claimed, and almost $700 less than the half time claimed (unliquidated). By contrast, Plaintiff's counsel claims an actual attorney's fee incurred of $2,280.00, plus paralegal fee of $180.50, and costs of $371.62, for a total fee and cost claim of $2,832.12, ***but is set to receive $2,908.36*** – an amount that exceeds 100% of the entire fee and costs claimed. This is an obvious disparate proportion of the total recovery, comparatively speaking, and the Court finds this to be unjustified here.

Even if the Court were to credit every hour claimed at the rates proposed (which it does not), as the fee settlement exceeds the actual time and fees claimed it is unreasonable in a context where the Plaintiff has compromised his own claim. Although the record does not divulge whether a

contingency agreement is applicable here, if the attorney is collecting a portion of the settlement as fees that would have otherwise been available for payment to the client, any amount above the lodestar is unreasonable unless supported by some special circumstance. *See Silva, supra.* The record here shows no special circumstance. Moreover, the Court rejects the amount claimed for other reasons. While the Court accepts that counsel expended 7.6 hours of his time on this matter, it does not find that a fee of $300 an hour is reasonable. In Affidavit, counsel Andrew Frisch asserts that he is an associate at Morgan & Morgan; that he "customarily bill[s] [his] clients at a rate of $300.00 or more per hour;" that he has handled hundreds of FLSA cases; and that "most recently, my reasonable hourly fee was determined to be $300.00 by Judge John Antoon II" (citing an August 17, 2009 Order in *Rastellini v. Amy Charles, Inc.,* Case No. 6:08cv255-Orl-28GJK). These representations do not persuade.

As this Court noted in another case, this law firm has represented to the Court that these types of cases are handled on a contingency fee basis and the clients are not billed an hourly fee at all.[1] Indeed, Mr. Frisch has not identified any client from amongst the "hundreds" of FLSA cases he has handled, including Plaintiff, who has agreed to pay Frisch $300 an hour. Moreover, while Judge Antoon did, indeed, adopt (without discussion) a recommendation of Magistrate Judge Kelly that the Court approve the rate of $300 per hour for this attorney and $95 per hour for his paralegal, counsel fails to cite numerous other recent cases in this district that have explicitly found $300 an hour to be unreasonable as a billing rate for Mr. Frisch. *See, e.g., Fischer v. Taylor Morrison Services, Inc.,* 2008 WL 4790520 (M.D. Fla., October 30, 2008) (Judge Moody rejecting a claim of $300 an hour

---

[1]This is consistent with the firm's public representations on its website that "legal fees are based on a percentage rate of the total amount of money we are able to recover on your behalf" and clients "won't be billed unless a settlement is collected." *See* Morgan & Morgan website at: http://www.forthepeople.com/frequently_asked_questions.htm (accessed October 19, 2009).

and granting counsel $250 per hour); *Ward v. Parks Electric Co., Inc.,* 2009 WL 1684455 (M.D. Fla. June 16, 2009) (Judge Fawsett, in detailed discussion, adopting Judge Spaulding's recommendation that a reasonable rate for this counsel is $250 and not $300 per hour); *Glanzrock v. Patriot Roofing Industries, Inc.*, 2009 WL 179634 (M.D. Fla., January 26, 2009) (Judge Covington found counsel entitled to an hourly rate of $200). Interestingly, counsel omits any mention of *Fischer v. Terraserv, Inc.,* Case No. 6:08cv87-Orl-31KRS, 2009 WL 928540 (M.D. Fla., March 31, 2009), where Judge Presnell adopted a finding that $250 is a reasonable rate for Mr. Frisch. As is clear, the great weight of authority in this district does not support a claim of $300 per hour for Mr. Frisch.[2]

Finally, the costs sought to be recovered, which are apparently subsumed in the amount to be paid to counsel, include travel, postage and long distance telephone calls. As noted recently by the Southern District, "the majority of Courts to have considered the matter have found that expenses related to mediation, postage, online research, long distance telephone calls, telecopying and attorney travel are . . . not recoverable pursuant to the FLSA because they are not specifically enumerated under [Title 28 U.S.C.] section 1920." *Williams v. R.W. Cannon, Inc*., 2009 WL 2834952, 12 (S.D. Fla. 2009) (collecting cases). The only appropriate cost the Court sees is the $350 filing fee.

As the lodestar amount is no more than $2,080.50 (7.6 hours at $250, 1.9 hours at $95), and reasonable costs total $350, recovery to counsel of $2,908.36 is not reasonable as a matter of law, and the settlement cannot be approved, as tendered. It is therefore **respectfully recommended** that the motion to approve the settlement be **denied**, without prejudice to the parties voluntarily restructuring the settlement agreement, should they be so inclined, to allow for an award to counsel of no more than

---

[2] This Court finds the 1.9 hours of paralegal time at $95 an hour to be within the reasonable range for this district.

the lodestar amount and costs set forth above, with the remainder distributed to Plaintiff, consistent with the above findings.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 21, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy