**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LON COHEN,**

          **Plaintiff,**

**-vs-**                                                 **Case No. 6:09-cv-496-Orl-31DAB**

**GOODYEAR TIRE & RUBBER COMPANY,**

          **Defendant.**

_____

## ORDER

This matter came before the Court without oral argument upon consideration of the parties' Third Joint Motion to Approve Settlement (the "Motion") (Doc. 31), U.S. Magistrate Judge David Baker's Report and Recommendation regarding same (Doc. 35), and the objection thereto filed by Plaintiff's counsel, Mr. Andrew Frisch.

Because the parties did not comply with *Bonetti v. Embarq Mgmt. Co.*, Case No. 06:07-CV-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009), the Court referred their Motion to Judge Baker for lodestar analysis. Having carefully performed that analysis, Judge Baker found that the fees and costs to be awarded to Plaintiff's counsel under the settlement ($2,908.36) unreasonably exceeded the lodestar ($2,080.50); the principal difference being the hourly rate applicable to Plaintiff's counsel.[1] Although Attorney Frisch claimed a reasonable hourly rate of $300.00, Judge

---

[1] Judge Baker also found that Plaintiff would receive substantially less than the amount he originally claimed he was owed, despite the fact that Plaintiff's counsel would recover more than 100% of his documented fees and costs (Doc. 35 at 4).

Baker found that a rate of $250.00 was appropriate. Accordingly, Judge Baker recommended that the Court deny the parties' Motion.

Plaintiff's counsel now objects, contending, *inter alia*, that Judge Baker's finding with respect to an hourly rate of $250.00 is "unreasonably low" (Doc. 36 at 1). Attorney Frisch concedes, however, that his "reasonable hourly rate should be based on [his] actual experience and the reasonable hourly rates in Orlando, Florida, as dictated by actual market conditions" (Doc. 36 at 2).[2]

The Court agrees that counsel's reasonable hourly rate should be dictated by market principles. However, it is difficult to ascertain a reasonable hourly rate for counsel who work primarily on a contingency fee basis. Moreover, in this market – and in this economy – an hourly rate of $300.00 for relatively mundane litigation is not reasonable, and a majority of the judges confronted with the "hundreds of FLSA cases" (Doc. 34 at 2) that Attorney Frisch has brought in this district concur. Accordingly, the Court confirms Judge Baker's finding that a reasonable hourly rate for Attorney Frisch is $250.00.

---

[2]Attorney Frisch also contends, for the very first time, that the "reasonable attorney's fees and costs [under the settlement] were separately negotiated after the parties came to an agreement as to the amount of damages Plaintiff would receive" (Doc. 36 at 5, n. 3). Inexplicably, however, in not one of the three motions filed to date did the parties ever move for approval pursuant to *Bonetti v. Embarq Mgmt. Co.*, Case No. 06:07-CV-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009) (obviating, *inter alia*, the need for lodestar analysis in approving FLSA settlements where certain conditions are met). For one who has "published multiple articles [and lectured] on Wage and Hour subjects" (Doc. 34 at 2), Attorney Frisch's eleventh hour suggestion that the parties have now complied with *Bonetti* is simply bewildering. The Court will address this issue – and others – in a future hearing on the miscellaneous docket. *See In re: FLSA Cases*, 6:08-MC-49 (M.D. Fla. 2008).

Based on the foregoing, it is **ORDERED** that Judge Baker's Report and Recommendation is **ADOPTED** and **CONFIRMED**, and that the parties' Motion is **DENIED** without prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 9, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE